ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICHAEL F. ALBANESE #9421
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
E-mail: michael.albanese@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 2 2 2019

at___o'clock and___min.___M
SUE BEITIA, CLERK

SEALED
BY ORDER OF THE COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. CR19-00114 HG |
| Plaintiff, | ) INDICTMENT |
| vs. | ) [18 U.S.C. §§ 371, 1343, 1957; 29 U.S.C. § 501(c)] |
| BRIAN AHAKUELO,            (01)<br>MARILYN AHAKUELO,        (02)<br>JENNIFER ESTENCION<br>aka Jennifer Rivera,        (03) | ) |
| Defendants. | ) |

INDICTMENT

The Grand Jury charges:

## INTRODUCTORY ALLEGATIONS

At all times material to this Indictment, unless otherwise specified:

1.      The International Brotherhood of Electrical Workers ("IBEW") was a labor organization of electrical workers located throughout the United States and Canada.  It was organized pursuant to the IBEW Constitution.  Local 1260 was chartered by the IBEW, and based in Honolulu, Hawaii.  Local 1260 represented approximately 3,000 members who were divided into nine units located in the State of Hawaii and the Territory of Guam.  The units were grouped primarily by geographic location and employer.

2.      Local 1260 of the IBEW was a labor organization engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and 402(j) (also referred to herein as a "union").  Local 1260 was a signatory to contracts with employers including utility companies, broadcast and telecommunications companies, and construction companies.

3.      Local 1260 members paid dues on a monthly basis, as required by the IBEW Constitution and Local 1260 Bylaws.  These payments were typically withheld by employers from Local 1260 members' paychecks and remitted directly to Local 1260 via electronic funds transfers.

2

4.      Local 1260's Executive Board consisted of the President, Vice President, Recording Secretary, Treasurer, and nine members (one representative from each of the nine units).  All Executive Board officers and members were elected by Local 1260's membership every three years.

5.      Under the IBEW Constitution and Local 1260 Bylaws, the day-to-day operation of Local 1260 was managed by a full-time employee designated as Business Manager / Financial Secretary.  The Business Manager / Financial Secretary was elected by Local 1260 membership every three years.  Under the Local 1260 Bylaws, the Business Manager / Financial Secretary had sole authority to appoint assistants, representatives, and clerical employees, who worked under his direction, subject to his authority, and who could be removed by him at any time.

DEFENDANTS

6.      Defendant BRIAN AHAKUELO was elected to serve as Business Manager / Financial Secretary of Local 1260 in June 2011.  BRIAN AHAKUELO was re-elected as Business Manager / Financial Secretary in 2014.  He served in that capacity until he was removed when the IBEW placed Local 1260 in emergency trusteeship on or about May 6, 2016.

7.     Defendant MARILYN AHAKUELO was employed by Local 1260 beginning in or about July 2011 through on or about May 6, 2016.  MARILYN AHAKUELO was the wife of BRIAN AHAKUELO.

8.     Defendant JENNIFER ESTENCION, also known as Jennifer Rivera, was employed by Local 1260 beginning in or about August 2012 through on or about May 6, 2016.  JENNIFER ESTENCION was the sister-in-law of BRIAN AHAKUELO and the sister of MARILYN AHAKUELO.

COUNT 1
Conspiracy
(18 U.S.C. § 371)

9.     Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

10.     From a precise earlier date unknown, but by at least June 2011, and continuing through on or around May 2016, within the District of Hawaii and elsewhere, BRIAN AHAKUELO, MARILYN AHAKUELO, and JENNIFER ESTENCION, the defendants, did knowingly conspire with each other, and with other unindicted co-conspirators known and unknown to the Grand Jury, to commit offenses against the United States, namely, wire fraud in violation of Title 18, United States Code, Section 1343, and embezzlement in violation of Title 29, United States Code, Section 501(c).

### Objects of the Conspiracy

11.     BRIAN AHAKUELO, MARILYN AHAKUELO, and JENNIFER ESTENCION defrauded Local 1260 members by making false representations, falsifying Local 1260 records, including falsifying the results of the January 2015 vote on Resolution No. 14-07 in order to get the membership to pay increased dues and to increase the funds available for the defendants' illicit purposes, such as the conversion of Local 1260 funds to their own purposes, all while concealing their actions from the IBEW and the Local 1260 Executive Board and membership.

### Manner and Means of the Conspiracy

12.     After BRIAN AHAKUELO's election as Business Manager / Financial Secretary in June 2011, BRIAN AHAKUELO used his authority under Local 1260 Bylaws to fill vacancies on the Executive Board with officers and members who had no experience or were otherwise loyal to him.  As a result, BRIAN AHAKUELO gained autonomy and complete control over the finances of Local 1260.  BRIAN AHAKUELO used this authority to make decisions that directly benefitted himself and his family members, including the hiring and retention of family members as Local 1260 employees, the payment of wages in excess of those permitted by Local 1260 Bylaws, and the use of Local 1260 funds to pay for personal travel with little or no official purpose.

5

13.     BRIAN AHAKUELO hired MARILYN AHAKUELO and JENNIFER ESTENCION to work for Local 1260 after BRIAN AHAKUELO became the Business Manager / Financial Secretary.

14.     Several employees, including BRIAN AHAKUELO, MARILYN AHAKUELO, and JENNIFER ESTENCION were assigned official credit cards for Local 1260 purposes.  BRIAN AHAKUELO assigned JENNIFER ESTENCION to review the credit card charges of Local 1260 employees.  In that capacity, JENNIFER ESTENCION reviewed and approved expenditures by BRIAN AHAKUELO, MARILYN AHAKUELO, and herself that had no legitimate Local 1260 purpose.

15.     After depleting Local 1260's surplus from over $700,000.00 in 2010 to a net deficit of over $700,000.00 in 2014, BRIAN AHAKUELO proposed Resolution No. 14-07 to the Local 1260 membership in the latter part of 2014. Resolution No. 14-07, in relevant part, had the effect of increasing Local 1260 membership dues from an average scale of 1.5% to 3% of wages effective April 1, 2015, 3.5% effective April 1, 2017, and 4% effective April 1, 2019.

16.     Because of the unpopularity of this resolution with Local 1260 membership, in January 2015, BRIAN AHAKUELO, MARILYN AHAKUELO, and JENNIFER ESTENCION, and others, agreed to falsify the results of the vote on Resolution No. 14-07 to ensure that the resolution passed.  The defendants

6

successfully falsified the election results in two of the nine bargaining units, which

resulted in the passage of the resolution and an increase of Local 1260 dues.

17.     As a result of the falsified vote, Local 1260 enacted Resolution 14-07,

and Local 1260 employers began to withhold the higher dues amount from workers

pay checks.  The increased amount was then transferred to Local 1260 on a

monthly basis via wire transfer.  As a result of Resolution 14-07, from March 2015

to June 2016, Local 1260 collected $3,700,000.00 more than it would have under

the pre-existing dues structure.

Overt Acts

18.     In furtherance of the conspiracy, and to effect the objects thereof, the

co-conspirators committed various overt acts in the District of Hawaii and

elsewhere, including the following:

a.      On or about October 29, 2014, BRIAN AHAKUELO requested

approval from Local 1260 Executive Board to present Resolution No. 14-07 for

membership vote.

b.      On or about November 3, 2014, BRIAN AHAKUELO drafted

and mailed a letter to Local 1260 membership, informing them that Resolution No.

14-07 would be read at the December 2014 meetings of each unit, and voted upon

at the January 2015 meetings.  The letter stated that the Local 1260 Executive

Board, leadership team, and administrative staff strongly recommend the proposed resolutions be adopted.

      c.     On or about January 16, 2015, Resolution 14-07 was read by BRIAN AHAKUELO and voted upon by the members who attended the Unit 4 membership meeting.  There were approximately six to eight members in attendance.

      d.     MARILYN AHAKUELO falsified the minutes for the Unit 4 membership meeting.  The falsified minutes stated that the results of the Resolution 14-07 vote were 98 "yes" votes and 11 "no" votes, falsely stated that the meeting had taken place on January 19, 2015 instead of January 16, 2015, and contained false attendance records.

19.    In late January 2015, BRIAN AHAKUELO, JENNIFER ESTENCION, and other unindicted co-conspirators attended the membership meeting for Unit 9 in Guam at which the vote on Resolution 14-07 took place.

20.    On or about January 29, 2015, BRIAN AHAKUELO, JENNIFER ESTENCION, and several unindicted co-conspirators met in Guam prior to the Unit 9 membership meeting, and prepared fake ballots with a high number of "yes" votes.

21.    On January 29, 2015, after the Unit 9 vote had taken place, JENNIFER ESTENCION and other unindicted co-conspirators, under the direction

of BRIAN AHAKUELO, substituted the fake ballots for the genuine ballots. The fake ballots were then tallied to indicate that Resolution No. 14-07 passed by a vote of 293 "yes" to 32 "no" votes.

22.    In a letter dated January 31, 2015, BRIAN AHAKUELO submitted nine amendments, including Resolution No. 14-07, for consideration by the IBEW International Office. The letter falsely reported that Resolution 14-07 was voted on by secret ballot in accordance with the Local 1260 Bylaws, when in fact he knew that the vote results for two units were false.

23.    On or about October 16, 2014, MARILYN AHAKUELO expended Local 1260 funds for personal travel to Las Vegas, Nevada, coinciding with the closing of a home purchase in Nevada.

24.    On or about September 17, 2014, BRIAN AHAKUELO directed the expenditure of Local 1260 funds to pay for personal travel to Virginia in or around Thanksgiving 2014.

25.    From on or about September 22, 2014 through on or about December 22, 2014, BRIAN AHAKUELO and MARILYN AHAKUELO expended and directed the expenditure of Local 1260 funds for personal travel to Virginia in or around Christmas 2014 and New Year's Day 2015.

26.    On or about April 15, 2014, BRIAN AHAKUELO and MARILYN AHAKUELO expended and directed the expenditure of Local 1260 funds for

personal travel to Nevada in or around Thanksgiving 2015, Christmas 2015, and New Year's Day 2016.

27. From on or about March 26, 2016 through on or about May 6, 2016, BRIAN AHAKUELO hired his son-in-law as "Training Coordinator" for a training program that did not exist, and paid his son-in-law in excess of $29,000.00, including an automobile allowance, for little or no legitimate work.

28. On or about April 19, 2016, BRIAN AHAKUELO directed that Local 1260 purchase MARILYN AHAKUELO's Toyota Tacoma, without prior Executive Board authorization, a decision that personally benefited BRIAN AHAKUELO and MARILYN AHAKUELO.

29. On or about April 22, 2016, BRIAN AHAKUELO directed the expenditure of $597.00 of Local 1260 funds to pay for a personal restaurant bill.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 THROUGH 43
### Wire Fraud
### (18 U.S.C. § 1343)

30. Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

31. From a precise earlier date unknown, but by at least October 29, 2014, and continuing through on or about April 29, 2016, within the District of Hawaii and elsewhere, BRIAN AHAKUELO, MARILYN AHAKUELO, and JENNIFER

10

ESTENCION, the defendants, did knowingly devise and intend to devise a scheme to defraud Local 1260, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions.

Manner and Means of the Scheme to Defraud

32.    The fraudulent scheme operated, in substance, in the following manner:

a.    In late 2014, BRIAN AHAKUELO presented Resolution No. 14-07 to Local 1260 membership, which proposed to increase Local 1260 membership dues from an average of 1.5% to 3% effective April 1, 2015, 3.5% effective April 1, 2017, and 4% effective April 1, 2019.

b.    BRIAN AHAKUELO, and with the help of MARILYN AHAKUELO and JENNIFER ESTENCION, falsified the results of the Local 1260 vote to pass the Resolution.

c.    BRIAN AHAKUELO, and with the help of MARILYN AHAKUELO and JENNIFER ESTENCION, created records falsely reporting the number of votes, when in fact the vote totals included a number of false ballots prepared by BRIAN AHAKUELO, JENNIFER ESTENCION, and other unindicted co-conspirators.

d.    BRIAN AHAKUELO, and with the help of MARILYN AHAKUELO and JENNIFER ESTENCION, falsely represented to the IBEW

11

International Office that the vote on Resolution 14-07 was conducted in accordance with the IBEW Constitution and Local 1260 Bylaws, when they knew in fact that it was not.

e. BRIAN AHAKUELO transmitted and caused to be transmitted information about the fraudulent membership dues increase to Local 1260 employers, including Maui Electric Company ("MECO"), Hawaii Electric Light Company ("HELCO"), Hawaiian Electric Company ("HECO"), and others. As a consequence, each employer increased the amount of payroll withholdings for Local 1260 membership dues from Local 1260 members.

f. The employers aggregated the payroll withholdings on a monthly basis, and transmitted the withholdings to Local 1260 via electronic funds transfer. Those funds went into an electric funds transfer account at First Hawaiian Bank ("FHB") with Account #...162.

33. On or about each of the dates set forth below, within the District of Hawaii and elsewhere, Defendant BRIAN AHAKUELO, for the purpose of executing the scheme described above, caused Local 1260 employers to make monetary transfers of dues, in the approximate amounts listed below, which transfers were made via wire communication in interstate commerce the signals and sounds described below, with each such transmission constituting a separate count of this Indictment:

12

| Count | Date | Description of Transaction | Amount |
|---|---|---|---|
| 2 | 03/20/2015 | Wire Transfer from MECO to Local 1260 | $ 49,267.81 |
| 3 | 03/20/2015 | Wire Transfer from HELCO to Local 1260 | $50,296.74 |
| 4 | 03/27/2015 | Wire Transfer from HECO to Local 1260 | $194,702.07 |
| 5 | 04/24/2015 | Wire Transfer from HECO to Local 1260 | $194,162.94 |
| 6 | 05/01/2015 | Wire Transfer from MECO to Local 1260 | $49,628.42 |
| 7 | 05/01/2015 | Wire Transfer from HELCO to Local 1260 | $49,947.31 |
| 8 | 05/22/2015 | Wire Transfer from HECO to Local 1260 | $194,147.46 |
| 9 | 06/01/2015 | Wire Transfer from MECO to Local 1260 | $49,659.52 |
| 10 | 06/01/2015 | Wire Transfer from HELCO to Local 1260 | $50,407.44 |
| 11 | 06/19/2015 | Wire Transfer from HECO to Local 1260 | $194,502.85 |
| 12 | 06/26/2015 | Wire Transfer from MECO to Local 1260 | $49,503.10 |
| 13 | 06/26/2015 | Wire Transfer from HELCO to Local 1260 | $50,628.88 |
| 14 | 07/24/2015 | Wire Transfer from MECO to Local 1260 | $49,712.68 |
| 15 | 07/24/2015 | Wire Transfer from HELCO to Local 1260 | $50,362.01 |
| 16 | 07/31/2015 | Wire Transfer from HECO to Local 1260 | $194,908.22 |
| 17 | 08/24/2015 | Wire Transfer from MECO to Local 1260 | $43,627.31 |
| 18 | 08/24/2015 | Wire Transfer from HELCO to Local 1260 | $43,732.73 |
| 19 | 08/28/2015 | Wire Transfer from HECO to Local 1260 | $208,758.83 |
| 20 | 09/18/2015 | Wire Transfer from MECO to Local 1260 | $43,742.80 |
| 21 | 09/18/2015 | Wire Transfer from HELCO to Local 1260 | $43,761.69 |
| 22 | 09/25/2015 | Wire Transfer from HECO to Local 1260 | $209,167.94 |
| 23 | 10/23/2015 | Wire Transfer from HECO to Local 1260 | $209,322.48 |
| 24 | 10/30/2015 | Wire Transfer from HELCO to Local 1260 | $43,661.92 |
| 25 | 10/30/2015 | Wire Transfer from MECO to Local 1260 | $44,031.08 |
| 26 | 11/20/2015 | Wire Transfer from HECO to Local 1260 | $209,911.89 |
| 27 | 11/30/2015 | Wire Transfer from HELCO to Local 1260 | $43,519.66 |
| 28 | 11/30/2015 | Wire Transfer from MECO to Local 1260 | $44,885.54 |
| 29 | 12/28/2015 | Wire Transfer from HELCO to Local 1260 | $43,716.17 |
| 30 | 12/28/2015 | Wire Transfer from MECO to Local 1260 | $44,819.10 |
| 31 | 01/04/2016 | Wire Transfer from HECO to Local 1260 | $211,237.77 |
| 32 | 01/22/2016 | Wire Transfer from HELCO to Local 1260 | $44,460.48 |
| 33 | 01/22/2016 | Wire Transfer from MECO to Local 1260 | $45,550.00 |
| 34 | 01/29/2016 | Wire Transfer from HECO to Local 1260 | $215,841.24 |
| 35 | 02/22/2016 | Wire Transfer from HELCO to Local 1260 | $44,747.84 |
| 36 | 02/22/2016 | Wire Transfer from MECO to Local 1260 | $45,646.56 |

| 37 | 02/26/2016 | Wire Transfer from HECO to Local 1260 | $215,211.14 |
| 38 | 03/28/2016 | Wire Transfer from HECO to Local 1260 | $212,975.39 |
| 39 | 04/01/2016 | Wire Transfer from HELCO to Local 1260 | $44,925.99 |
| 40 | 04/01/2016 | Wire Transfer from MECO to Local 1260 | $45,887.82 |
| 41 | 04/22/2016 | Wire Transfer from HECO to Local 1260 | $211,626.93 |
| 42 | 04/29/2016 | Wire Transfer from HELCO to Local 1260 | $44,999.97 |
| 43 | 04/29/2016 | Wire Transfer from MECO to Local 1260 | $46,246.97 |

All in violation of Title 18, United States Code, Sections 1343.

## COUNTS 44 THROUGH 63
### Money Laundering
(18 U.S.C. § 1957)

34.  Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

35.  On or about the dates set forth below, within the District of Hawaii, and elsewhere, BRIAN AHAKUELO, the defendant, did knowingly engage and attempt to engage in the following monetary transactions by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of U.S. currency, in the approximate amounts listed below, such property having been derived from a specified unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343.

| Count | Date | Description of Transaction | Amount |
|---|---|---|---|
| 44 | 04/01/2015 | Transfer of Funds from FHB Acct# …162 to FHB Acct# …374 | $409,360.21 |
| 45 | 05/01/2015 | Transfer of Funds from FHB Acct# …162 to FHB Acct# …374 | $308,802.14 |

| 46 | 05/04/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $99,575.73 |
| 47 | 06/02/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $103,945.85 |
| 48 | 06/02/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $261,525.66 |
| 49 | 07/01/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $345,121.49 |
| 50 | 07/27/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $182,463.07 |
| 51 | 08/03/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $232,566.56 |
| 52 | 08/27/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $105,204.44 |
| 53 | 09/01/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $253,937.42 |
| 54 | 10/01/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $329,174.70 |
| 55 | 11/02/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $342,763.47 |
| 56 | 12/01/2015 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $334,338.63 |
| 57 | 01/04/2016 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $143,682.09 |
| 58 | 01/05/2016 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $227,813.25 |
| 59 | 02/01/2016 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $334,713.49 |
| 60 | 03/01/2016 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $351,787.75 |
| 61 | 04/01/2016 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $240,735.43 |
| 62 | 04/05/2016 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $96,309.84 |
| 63 | 05/02/2016 | Transfer of Funds from FHB Acct# ...162 to FHB Acct# ...374 | $348,924.77 |

All in violation of Title 18, United States Code, Section 1957.

15

## COUNT 64
Embezzlement of Labor Union Assets
(29 U.S.C. § 501(c))

36.     Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

37.     On or about September 17, 2014, within the District of Hawaii, BRIAN AHAKUELO, the defendant, while an employee of Local 1260, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to his own use (and the use of others) the moneys, funds, securities, property, and other assets of said labor organization, in the approximate amount of $1,718.65, in that BRIAN AHAKUELO used Local 1260 funds to pay for roundtrip airfare to Virginia from mid-November through on or about December 1, 2014, a trip for which there was no union purpose or benefit.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT 65
Embezzlement of Labor Union Assets
(29 U.S.C. § 501(c))

38.     Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

39.     From on or about September 17, 2014 through on or about December 22, 2014, within the District of Hawaii, BRIAN AHAKUELO and MARILYN AHAKUELO, the defendants, while employees of Local 1260, a labor

16

organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to their own use (and the use of others) the moneys, funds, securities, property, and other assets of said labor organization, in the approximate amount of $3,090.66, in that BRIAN AHAKUELO and MARILYN AHAKUELO used Local 1260 funds to pay for roundtrip airfare to Virginia from mid-December 2014 to on or about January 5, 2015, a trip for which there was no union purpose or benefit.

All in violation of Title 29, United States Code, Section 501(c).

COUNT 66
Embezzlement of Labor Union Assets
(29 U.S.C. § 501(c))

40.   Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

41.   On or about October 16, 2014, within the District of Hawaii, MARILYN AHAKUELO, the defendant, while an employee of Local 1260, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to her own use (and the use of others) the moneys, funds, securities, property, and other assets of said labor organization, in the approximate amount of $1,564.00, in that MARILYN AHAKUELO used Local 1260 funds to pay for roundtrip airfare to Las Vegas,

17

Nevada from on or about October 23, 2014 to October 28, 2014, a trip for which there was no union purpose or benefit.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT 67
### Embezzlement of Labor Union Assets
### (29 U.S.C. § 501(c))

42.    Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

43.    On or about May 22, 2015, within the District of Hawaii, BRIAN AHAKUELO and MARILYN AHAKUELO, the defendants, while employees of Local 1260, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to their own use (and the use of others) the moneys, funds, securities, property, and other assets of said labor organization, in the approximate amount of $3,313.24, in that BRIAN AHAKUELO and MARILYN AHAKUELO used Local 1260 funds to pay for roundtrip airfare to Las Vegas, Nevada from on or about November 21, 2015 through on or about January 3, 2016, a trip for which there was no union purpose or benefit.

All in violation of Title 29, United States Code, Section 501(c).

18

## COUNT 68
Embezzlement of Labor Union Assets
(29 U.S.C. § 501(c))

44.    Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

45.    From on or about March 26, 2016 through on or about May 6, 2016, within the District of Hawaii, BRIAN AHAKUELO, the defendant, while an employee of Local 1260, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to his own use (and the use of others) the moneys, funds, securities, property, and other assets of said labor organization, in the approximate amount of $29,726.90, in that BRIAN AHAKUELO authorized the payment of said Local 1260 funds as salary to his son-in-law, who did little to no union work in exchange for such payments.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT 69
Embezzlement of Labor Union Assets
(29 U.S.C. § 501(c))

46.    Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

47.    On or about April 19, 2016, within the District of Hawaii, BRIAN AHAKUELO, the defendant, while an employee of Local 1260, a labor

19

organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to his own use (and the use of others) the moneys, funds, securities, property, and other assets of said labor organization, in the approximate amount of $24,594.27, in that BRIAN AHAKUELO authorized the purchase of MARILYN AHAKUELO's Toyota Tacoma, using Local 1260 funds, without prior Executive Board authorization.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT 70
### Embezzlement of Labor Union Assets
(29 U.S.C. § 501(c))

48.     Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

49.     On or about April 22, 2016, within the District of Hawaii and elsewhere, BRIAN AHAKUELO, the defendant, while an employee of Local 1260, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to his own use (and the use of others) the moneys, funds, securities, property, and other assets of said labor organization, in the approximate amount of $597.00, in that BRIAN AHAKUELO directed that union funds be used to pay a restaurant bill, for which there was no benefit to the union membership.

All in violation of Title 29, United States Code, Section 501(c).

20

## FIRST FORFEITURE NOTICE

1.      The allegations set forth in all paragraphs of Counts 1 through 43 and 64 through 70 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.      The United States hereby gives notice to the defendants charged in Counts 1 through 43 and 64 through 70 of this Indictment that, upon conviction of the offenses charged in those counts, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Sections 371 and 1343, and Title 29, United States Code, Section 501(c), as alleged in Counts 1 through 43 and 64 through 70 of this Indictment.

3. If by any act or omission of the defendants, any of the property subject to forfeiture described in paragraph 2 herein:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be

        divided without difficulty;

the United States of America will be entitled to the forfeiture of substitute property

up to the value of the property described above in paragraph 2, pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States

Code, Section 2461(c).

## SECOND FORFEITURE NOTICE

1.  The allegations contained in all paragraphs of Counts 44 through 63 of

this Indictment are realleged and incorporated by reference for the purpose of

noticing forfeitures pursuant to Title 18, United States Code, Section 982.

2.  The United States hereby gives notice to the defendants charged in

Counts 44 through 63 of this Indictment that, upon conviction of the offenses in

violation of Title 18, United States Code, Section 1957, charged in Counts 44

through 63 of the Indictment, the government will seek forfeiture, pursuant to Title

18, United States Code, Section 982(a)(1), of any and all property, real or personal,

involved in the offense and all property traceable to such property.

3.  If by any act or omission of the defendants, any of the property subject to

forfeiture described in paragraph 2 herein:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided

without difficulty,

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

DATED: Honolulu, Hawaii, _August 22_, 2019.

A TRUE BILL

/s/ Foreperson

_____
FOREPERSON, GRAND JURY

_____
KENJI M. PRICE
United States Attorney

_____
MICHAEL F. ALBANESE
Assistant U.S. Attorney

United States v. Brian Ahakuelo et al.
Indictment
Cr. No. CR19-00114 HG

24