KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICHAEL F. ALBANESE #9421
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: michael.albanese@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00114 HG |
|---|---|---|
| Plaintiff, | ) ) ) | GOVERNMENT'S *UNOPPOSED* MOTION TO |
| BRIAN AHAKUELO,          (01) | ) | DECLARE CASE |
| MARILYN AHAKUELO,     (02) | ) | COMPLEX; CERTIFICATE |
| JENNIFER ESTENCION | ) | OF SERVICE |
| Aka Jennifer Rivera,          (03) | ) ) | |
| Defendants. | ) ) | |

MOTION TO DECLARE CASE COMPLEX AND TO CONTINUE TRIAL

The United States moves this Court to declare the instant case complex

under 18 U.S.C. § 3161(h)(7)(B)(ii) and to continue the trial currently set for

October 29, 2019, to a date convenient to the Court, defense counsel, and the government.  The United States submits that the nature of the prosecution presents unusual facts and circumstances that are complex, such that it is unreasonable to expect adequate preparation for pretrial proceedings and/or the trial itself within the time limits established by the Speedy Trial act.

The Indictment charges three defendants and contains 70 counts related to the management of International Brotherhood of Electrical Workers ("IBEW") Local 1260 from the period of 2011 to 2016.  The counts include conspiracy to commit embezzlement and wire fraud, wire fraud, money laundering, and embezzlement counts.  The investigation was conducted jointly by three agencies, the Internal Revenue Service ("IRS"), U.S. Department of Labor – Office of Labor-Management Standards, and took place over the course of several years.  It involved review of voluminous business records, travel records, financial documents, and interviews with more than 70 witnesses.

While the number of the defendants is not large, the government anticipates that the evidence, and correspondingly, the discovery in this case will be unusually voluminous and complex.  The initial production, which will be completed as soon as the parties work out a stipulated protective order to address private financial information contained therein, consists of nearly 50,000 pages, largely made up of union financial records, bank and credit card records, and flight

records.   The government anticipates producing between 10,000 and 20,000 additional pages of financial records related to this case within the next couple weeks, after further review is completed.

In addition to these records, the IRS seized hard drive images of fifteen IBEW Local 1260 computers.   The image files make up nearly three terabytes of data, and contain hundreds of thousands of emails from the relevant time period, 2011 through 2016.   The government will produce the image files to each Defendant; however, analysis of these images requires the use of specialized image viewer software.   While the software is available from multiple commercial sources for low (or no) cost, the defense counsel may need time to learn to use this software, or alternatively, may need to retain third-party contractors to assist in their review of this data.   As an alternative, the defense counsel will be permitted to use government equipment to view the image files in the presence of a government agent, but even this will be a time-consuming process.

All defense counsel have indicated that they agree that a complex case designation and a longer trial schedule are appropriate in light of the nature of the charges and the amount of discovery in this case.

Based upon the volume of evidence that the government has collected, and the nature of the prosecution, it is unreasonable to expect adequate preparation for either pretrial proceedings or the trial itself within the time limits established by 18

U.S.C. § 3161.   Accordingly, the United States respectfully requests the Court to declare the case complex under 18 U.S.C. § 3161(h)(7)(A); to continue trial to a date convenient to the Court, defense counsel, and the United States; to exclude the time from the date of the order to the trial date from the computation of the Speedy Trial Act; and to find that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

DATED:   September 16, 2019, at Honolulu, Hawaii.

    KENJI M. PRICE
    United States Attorney
    District of Hawaii


    By /s/ Michael F. Albanese
      MICHAEL F. ALBANESE
      Assistant U.S. Attorney

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached was duly served upon the following persons at their last known address:

Served Electronically by CM/ECF:

| | |
|---|---|
| LOUIS M. CHING, ESQ.<br>Attorney for Defendant<br>BRIAN AHAKUELO | louismichaelching@hotmail.com |
| DANA S. ISHIBASHI, ESQ.<br>Attorney for Defendant<br>MARILYN AHAKEULO | ishibashid@aol.com |
| MEGAN K. KAU, ESQ.<br>Attorney for Defendant<br>JENNIFER ESTENCION | mk@megkaulaw.com |

DATED: September 16, 2019, at Honolulu, Hawaii.

/s/ Jodene Isa
Legal Assistant
U.S. Attorney's Office