IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIM. NO. 19-00114 HG-KJM |
| Plaintiff, | ) |
| vs. | ) |
| BRIAN AHAKUELO (01); <br> MARILYN AHAKUELO (02); <br> JENNIFER ESTENCION, aka <br> Jennifer Rivera (03), | ) |
| Defendants. | ) |

**ORDER GRANTING GOVERNMENT'S MOTIONS IN LIMINE No. 1, No. 2, and No. 3 (ECF Nos. 144, 145, 146)**

The Government's Motion in Limine #1 (ECF No. 144) **TO ALLOW REQUEST FOR QUALIFICATION OF EXPERT WITNESSES** is **GRANTED**.

The Government's Motion in Limine #2 (ECF No. 145) **TO SEEK ADMISSION OF SUMMARY EXHIBITS** is **GRANTED**.

The Government's Motion in Limine #3 (ECF No. 146) **TO PROFFER SUMMARY WITNESS** is **GRANTED**.[1]

---

[1] On September 16, 2022, the Government filed Motions in Limine No. 1, No. 2, and No. 3. (ECF Nos. 144, 145, 146).
On September 24, 2022, Defendants Brian Ahakuelo and Marilyn Ahakuelo filed their Opposition. (ECF No. 170).
On September 26, 2022, Defendant Jennifer Estencion filed her Oppositions to the Government's Motions in Limine No. 1, No. 2, and No. 3. (ECF Nos. 186, 187, 188).
On October 5, 2022, Defendants Brian Ahakuelo and Marilyn Ahakuelo filed their Second Opposition. (ECF No. 202).
On October 6, 2022, the Court held a hearing and ruled on the Motions. (ECF No. 213). This Order sets forth the written basis for the rulings.

1

## ANALYSIS

### Government's Motion in Limine No. 1 (ECF No. 144): To Allow Request For Qualification Of Expert Witnesses - GRANTED

The Government's Motion in Limine No. 1 (ECF No. 144) seeks to admit the expert testimony of three experts:

(1) IRS Computer Investigative Specialist Jeffrey Jack;

(2) IRS Computer Investigative Specialist John Cooper;

(3) IRS Special Agent Aaron Gogley, an expert in money laundering and funds tracing.

Federal Rule of Evidence 702 allows for expert testimony subject to certain conditions:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and,
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Rule 702 inquiry requires a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether the reasoning or methodology can be applied to the facts in issue. Daubert v. Merrell Dow

Pharms., Inc., 509 U.S. 579, 592-93 (1993).  The district court must "ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact.  Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact."  United States v. Finley, 301 F.3d 1000, 1008 (9th Cir. 2002).

The trial court acts as a gatekeeper to ensure that expert testimony is admissible, but the court has broad discretion in deciding whether to admit expert testimony.  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999); United States v. Espinosa, 827 F.2d 604, 611 (9th Cir. 1987).  Rule 702 is generally construed liberally.  United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

### A.   IRS Computer Investigative Specialists Jeffrey Jack and John Cooper

The Government explains that IRS Computer Investigative Specialists Jeffrey Jack and John Cooper have significant training and experience in the forensic analysis of computers and similar devices.  The Government proffers that the IRS Specialists have specialized knowledge that will be helpful to the jury and is beyond the experience of the average person.

IRS Specialist Jack is offered by the Government to testify about the tools and processes he used to extract data from computers and devices used by the staff of Local Union 1260 during the relevant time period of the charged conduct.

IRS Specialist Cooper is offered to testify about his analysis of metadata from a computer file that was allegedly saved by Defendant Marilyn Ahakuelo.  He is also offered to testify about information and data obtained from a computer assigned to "efalkner" that is relevant to the charged conduct.

The Government asserts that the substance of the experts' opinions was disclosed in a March 5, 2020 Expert Notice provided to the Defendants.

**B.    IRS Special Agent Aaron Gogley**

The Government explains that Aaron Gogley is a Special Agent with the IRS on the topics of money laundering and funds tracing. The Government asserts that Special Agent Gogley has specialized knowledge that will aid the jury in understanding the evidence concerning the bank records, dues refund records, and financial transactions in the case.

Special Agent Gogley is offered by the Government to provide opinion testimony regarding the quantity of proceeds that were allegedly derived from money laundering.

**C.    Expert Testimony From The IRS Agents Is Admissible**

Courts in the Ninth Circuit routinely permit law enforcement officers to testify as experts based on experience that has sufficient indicia of reliability.  See e.g., United States v. Freeman, 498 F.3d 893, 900 n.1 (9th Cir. 2007) (finding officer with 11 years of law enforcement experience was qualified to

4

offer expert testimony).

The Ninth Circuit Court of Appeals permits the admission of IRS Special Agents to provide expert testimony on the concepts related to money laundering based on their specialized training, knowledge, and experience.  See e.g., United States v. Orellana, 833 Fed. Appx. 98, 100-101 (9th Cir. 2020) (explaining that the IRS Agent's expert testimony on money laundering was helpful to the jury because it explained concepts related to money laundering and provided illustrative examples but did not invade the province of the court).

**Holding:**  The Government may voir dire IRS Computer Investigative Specialist Jeffrey Jack, IRS Computer Investigative Specialist John Cooper, and IRS Special Agent Aaron Gogley to establish the admissibility of their expert testimony.

The Defendants shall have an opportunity to question the background and qualifications of the proffered witnesses.  The Court shall decide if the proffered witness meets the standards of an expert and is qualified to so testify.

The Government's Motion in Limine No. 1 seeking to allow their request for qualification of their three witnesses as experts pursuant to Fed. R. Evid. 702 (ECF No. 144) is **GRANTED.**

**Government's Motion in Limine No. 2 (ECF No. 145): To Seek Admission Of Summary Exhibits - GRANTED**

The Government's Motion in Limine No. 2 (ECF No. 145) seeks to allow it to use summary charts as evidence and demonstrative

aids pursuant to Fed. R. Evid. 1006.

Federal Rule of Evidence 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.  The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place.  And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006.

The underlying materials that provide the content for the summaries or charts need not be separately admitted into evidence.  United States v. Meyers, 847 F.2d 1408, 1411-12 (9th Cir. 1988); United States v. Milkiewicz, 470 F.3d 390, 396 (1st Cir. 2006).  A chart summarizing voluminous or complex information can itself be evidence under Rule 1006, as long as a party seeking to introduce the chart has laid a foundation for the underlying materials.  United States v. Hemphill, 514 F.3d 1350, 1358-59 (D.C. Cir. 2008).

Rule 1006 provides that the summary itself constitutes substantive evidence.  United States v. White, 737 F.3d 1121, 1134-35 (7th Cir. 2013); United States v. Bray, 139 F.3d 1104, 1109-10 (6th Cir. 1998).  Rule 1006 summaries are distinguishable from summaries or charts that are used as "pedagogical devices" which organize or aid the jury's examination of testimony or documents that themselves were admitted into evidence.  United States v. Wood, 943 F.2d 1048, 1053 (9th Cir. 1991).

To be admissible as substantive evidence under Rule 1006,

the chart must summarize the underlying materials "accurately, correctly, and in a nonmisleading manner." Bray, 139 F.3d at 1110, 1112; United States v. Janati, 374 F.3d 263, 273 (4th Cir. 2004).

**Holding:**  The case before the Court involves voluminous, complex materials regarding IBEW Local Union 1260 records and numerous financial transactions that occurred over a more than five year period of time.  Summary charts evidence will assist the jury and provide a practicable means of summarizing voluminous, complicated information.

Defendants Brian and Marilyn Ahakuelo made a general objection to the charts based on Fed. R. Evid. 404(b) and 403. The charts are not other acts evidence pursuant to Fed. R. Evid. 404(b).  The charts are evidence the Government believes reflect the crimes charged in the Indictment or concern information that is otherwise inextricably intertwined with the charges.

Defendant Estencion objects to the heading on the charts that provides the name of the case and states the counts for which the charts are relevant.  This information will assist the jury in reviewing the evidence and is appropriate.

The Government is permitted to introduce summary charts as substantive evidence as long as it lays a proper foundation and either admits or demonstrates the admissibility of the underlying materials provided in the summary charts.

The Defense may offer objections based on the validity of the supporting documentation prior to their admission.

The Government's Motion in Limine No. 2 seeking to allow the use of summary charts (ECF No. 145) is **GRANTED**.

**Government's Motion in Limine No. 3 (ECF No. 146): To Proffer Summary Witness - GRANTED**

The Ninth Circuit Court of Appeals permits the use of a summary witness in order to "help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of the multitude of witnesses." United States v. Shirley, 884 F.2d 1130, 1133 (9th Cir. 1989) (quoting United States v. Lemire, 720 F.2d 1327, 1348 (D.C. Cir. 1983)).

Case agents from the Federal Bureau of Investigation, Drug Enforcement Administration, or Internal Revenue Service are regularly permitted to testify as a summary witness in the government's case in chief in order to summarize voluminous records and witness testimony. United States v. Marchini, 797 F.2d 759, 765-66 (9th Cir. 1986) (finding district court did not err in admitting the summary testimony of Internal Revenue Service agent); Goldberg v. United States, 789 F.2d 1341, 1343 (9th Cir. 1986); United States v. Meyers, 847 F.2d 1408, 1412 (9th Cir. 1988) (approving use of FBI special agents to testify as summary witnesses); Shirley, 884 F.2d at 1133 (finding the district court did not err in permitting a Drug Enforcement Administration agent to testify as a summary witness).

**Holding:** IRS Special Agent Shaun Morita may testify as a summary witness. The Defendants are free to cross-examine the

summary witness. The Parties are instructed to review Ninth Circuit Court of Appeals Criminal Model Jury Instruction 3.15 regarding Dual-Role Testimony and its applicability for the Government's proposed Summary Witness and Expert Witnesses.

The Government's Motion in Limine No. 3 (ECF No. 146) seeking to proffer IRS Special Agent Morita to testify at trial as a summary witness is **GRANTED**.

## CONCLUSION

The Government's Motion in Limine #1 (ECF No. 144) to Allow Request For Qualification of Expert Witnesses is **GRANTED**.

The Government's Motion in Limine #2 (ECF No. 145) to Seek Admission of Summary Exhibits is **GRANTED**.

The Government's Motion in Limine #3 (ECF No. 146) to Proffer Summary Witness is **GRANTED**. The Parties shall review Ninth Circuit Court of Appeals Criminal Model Jury Instruction 3.15 on Dual Role Testimony for the Government's summary witness and expert witnesses.

DATED: Honolulu, Hawaii, October 12, 2022.

IT IS SO ORDERED.

Helen Gillmor
United States District Judge

United States v. Ahakuelo, et al.; Crim. No. 19-00114 HG-KJM; **ORDER GRANTING GOVERNMENT'S MOTIONS IN LIMINE No. 1, No. 2, and No. 3 (ECF Nos. 144, 145, 146)**