IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN AHAKUELO (01);<br>MARILYN AHAKUELO (02);<br>JENNIFER ESTENCION, aka<br>Jennifer Rivera (03),<br><br>Defendants. | Crim. No. 19-00114 HG-KJM |

**ORDER ON GOVERNMENT'S MOTIONS IN LIMINE Nos. 4, 5, 6, and 7 (ECF Nos. 147, 148, 149, and 150)**

**and**

**DEFENDANT BRIAN AHAKUELO'S MOTION IN LIMINE (ECF No. 141)**

The Government's Motion in Limine #4 (ECF No. 147) **TO ADMIT STATEMENT FROM DEFENDANT'S WITHDRAWN PRE-TRIAL MOTION TO DISMISS** is **DENIED.**

The Government's Motion in Limine #5 (ECF No. 148) **TO PRECLUDE EXAMINATION OR TESTIMONY BASED ON SPECULATION** is **GRANTED.**

The Government's Motion in Limine #6 (ECF No. 149) **TO PRECLUDE CERTAIN EVIDENCE RELATING TO THE PURPORTED DRUG AND ALCOHOL USE OF WITNESS #2** is **GRANTED.**

The Government's Motion in Limine #7 (ECF No. 150) **TO ADMIT EVIDENCE RELEVANT TO THE CHARGED CONSPIRACY AND SCHEME TO DEFRAUD** is **GRANTED.**

Defendant Brian Ahakuelo's Motion in Limine (ECF No. 141) as to the issues numbered (3), (4), (6), (9), and (11) raised in the Motion is **DENIED.**[1]

## 4. STATEMENTS CONTAINED IN PRETRIAL MOTIONS ARE NOT EVIDENCE AND MAY NOT BE ADMITTED AT TRIAL

**GOVERNMENT'S MOTION IN LIMINE No. 4 (ECF No. 147)**
**DEFENDANTS BRIAN AND MARILYN AHAKUELO'S OPPOSITIONS (ECF Nos. 170 and 202)**
**DEFENDANT JENNIFER ESTENCION'S OPPOSITION (ECF No. 189)**

The Government seeks to introduce at trial statements made in a Motion to Dismiss filed by Attorney Louis Ching on behalf of his client Defendant Brian Ahakuelo. (Gov't Motion in Limine No.

[1] On September 16, 2022, the Government filed Motions in Limine Nos. 4, 5, 6, and 7. (ECF Nos. 147, 148, 149, and 150). Also on September 16, 2022, Defendant Brian Ahakuelo filed a Motion in Limine. (ECF No. 141).

On September 24, 2022, Defendants Brian Ahakuelo and Marilyn Ahakuelo filed their Opposition to the Government's Motions in Limine. (ECF No. 170).

On September 26, 2022, the Government filed its Opposition to Defendant Brian Ahakuelo's Motion in Limine. (ECF No. 183). Also on September 26, 2022, Defendant Jennifer Estencion filed her Opposition to the Government's Motions in Limine Nos. 4, No. 5, No. 6, and No. 7. (ECF Nos. 189, 190, 191, and 192).

On October 5, 2022, Defendants Brian Ahakuelo and Marilyn Ahakuelo filed their Second Opposition. (ECF No. 202).

On October 6, 2022, the Court held a hearing and ruled on the Motions. (ECF No. 213). This Order sets forth the written basis for the rulings.

4, ECF No. 147).

It is well established that legal memoranda and oral arguments are not evidence. Wolshin v. Bonilla, 940 F.Supp. 266 268 (D. Haw. 1995) (citing British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978)). In a criminal context, the Ninth Circuit Court of Appeals has explained that assertions in pre-trial pleadings are not evidence. United States v. Zermeno, 66 F.3d 1058, 1062 (9th Cir. 1995).

The Government seeks to admit at trial statements made by Defendant Brian Ahakuelo's attorney in a pretrial Motion. The Government seeks to use the statement against not only Brian Ahakuelo, but also against Defendants Marilyn Ahakuelo and Jennifer Estencion. The Government has provided no legal support for its attempt to rely on statements in a pretrial motion by an attorney against the attorney's client and against the client's co-defendants in a criminal prosecution.

The Government's reliance on a case from 1991 that an attorney may make a judicial admission on behalf of his client is not persuasive. See United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir. 1991). Contrary to the Government's position, statements by an attorney in motions are not evidence. Singh v. INS, 213 F.3d 1050, 1054 (9th Cir. 2000). There is no affidavit or declaration by the Defendants attesting to the factual allegations in the Motion. There was no "judicial admission" in

Defendant's withdrawn Motion to Dismiss. "Unsworn assertions made by attorneys in pleadings are not evidence" and may not be used against the Defendants in a criminal proceeding. See United States v. Barnes, 2019 WL 2515317, *4 (W.D. Wash. June 18, 2019); see Hernandez v. Levy Premium Foodservice, 2014 WL 12561615, *12 (C.D. Cal. Apr. 29, 2014) (collecting cases and explaining that counsel's opinions and arguments are not evidence).

The Government's Motion in Limine #4 (ECF No. 147) to Admit Statement From Defendant's Withdrawn Pre-Trial Motion To Dismiss is **DENIED.**

## 5. DEFENDANTS MAY RAISE A DEFENSE WITH A GOOD FAITH BASIS

**GOVERNMENT'S MOTION IN LIMINE No. 5 (ECF No. 148)**
**DEFENDANTS BRIAN AND MARILYN AHAKUELO'S OPPOSITIONS (ECF Nos. 170 and 202)**
**DEFENDANT JENNIFER ESTENCION'S OPPOSITION (ECF No. 190)**

The Government seeks to preclude Defendants from eliciting testimony from the Government's witnesses based on speculation and without a good faith basis.

The Court agrees that a good faith basis is required and that Defendants may not elicit testimony on cross-examination based on pure speculation or improper motives. United States v. Scholl, 166 F.3d 964, 975 (9th Cir. 1999); United States v. Johnson, 406 F.Supp.3d 811, 826 (C.D. Cal. 2018) (explaining there was a good faith basis for line of questioning on cross-examination by Government).

A defendant may elicit testimony in support of a defense as long as it has a basis in law and there is "some foundation in evidence." See United States v. Johnson, 459 F.3d 990, 993 (9th Cir. 2006).

Here, the Government raised a question as to whether there is a good faith basis for Defendants to cross-examine the Government witness and former IBEW employee Melanie Salvador with allegations that she engaged in misconduct, purportedly "cooked the books," and participated in a conspiracy to oust Defendants from their positions at IBEW Local 1260. (Gov't Motion in Limine No. 5, ECF No. 148).

At the hearing on October 6, 2022, Defendant Brian Ahakuelo's attorney set forth the good faith basis for the defense. He explained that Defendants will rely on evidence that they submitted personal checks for reimbursement of expenses that were paid by the Union to Ms. Salvador. Defendants assert Ms. Salvador served in an accounting role at IBEW Local 1260 and was responsible for the checks. Defendants claim they provided her with the checks but assert the checks were not cashed. Defendants claim Ms. Salvador knowingly did not cash the checks in order to create the circumstances for the Defendants to be charged with misusing Union funds.

Defendants also rely on Ms. Salvador's position at the Union and her status as a former girlfriend of Russell Takemoto.

Defendants claim Ms. Salvador worked to oust the Defendants from their positions at IBEW Local 1260.

A defendant may present such a defense even if his evidence is "weak, insufficient, inconsistent, or of doubtful credibility." United States v. Sotelo-Murillo, 887 F.2d 176, 178 (9th Cir. 1989). The question of credibility is for the jury and not the Court. See Johnson, 459 F.3d at 993.

Defendants are allowed to inquire with Ms. Salvador about her financial role with IBEW Local 1260 and if she received the checks Defendants claim they gave her and if she cashed them.

For any further inquiry, voir dire is required outside the presence of the jury. Defendants may rely on their defense theory if they provide some foundation for the theory and a good faith basis to elicit testimony.

The Government's Motion in Limine #5 (ECF No. 148) To Preclude Examination Or Testimony Based On Speculation is **GRANTED.**

## 6A. WITNESS #2'S DRUG USE IS INADMISSIBLE ABSENT SPECIFIC FACTS AND CIRCUMSTANCES TO DEMONSTRATE ITS PROBATIVE VALUE OUTWEIGHS ITS PREJUDICIAL EFFECT

**GOVERNMENT'S MOTION IN LIMINE No. 6 (ECF No. 149)**
**DEFENDANT BRIAN AHAKUELO'S OPPOSITION (ECF No. 170)**
**DEFENDANT JENNIFER ESTENCION'S OPPOSITION (ECF No. 191)**

The Government seeks to preclude introduction of evidence that Witness #2 has used drugs and alcohol in the past.

Defendants assert the evidence is admissible and relevant.

Prior substance use does not relate to truthfulness pursuant to Fed. R. Evid. 608(b). United States v. Hedgcorth, 873 F.2d 1307, 1313 (9th Cir. 1989). Prior drug or substance use is not probative of a witness's credibility unless there is specific other evidence linking the substance use to a motivation, bias, or interest in testifying. United States v. Kizer, 569 F.2d 504, 505-06 (9th Cir. 1978).

Cross-examination on the issue of drug or alcohol use may be permitted in limited circumstances if there is a basis to find that the substance use occurred during a particular event about which the witness is testifying and the substance use interfered with the witness's "ability to perceive the underlying events." Jarrett v. United States, 822 F.2d 1438, 1446 (7th Cir. 1987).

Defendants have not provided any evidence that Witness #2 was under the influence at the time of any particular event in question. Defendants merely seek to attack the witness's character based on purported testimony that individuals had observed Witness #2 intoxicated at parties and evening events. Such testimony is not probative of Witness #2's credibility and is an attempt to improperly attack her character.

Defendants may not cross-examine Witness #2 about past use of drugs or alcohol without a showing linking the substance use to a specific event, and a time and a place, that is an issue in

the case. Without a specific showing that the evidence is more probative than prejudicial, Defendants may not engage in a line of questioning regarding past substance use.

The Government's Motion in Limine #6A (ECF No. 149) To Preclude Certain Evidence Relating To The Purported Drug And Alcohol Use of Witness #2 is **GRANTED.**

The issue raised in the Government's Motion in Limine #6B seeking to preclude the use of a conviction for Abuse of Household or Family Member as to Government's Witness #1 is **TAKEN UNDER ADVISEMENT.**

## 7. EVIDENCE OF EVENTS DIRECTLY RELATED TO THE CHARGED CONDUCT OR INEXTRICABLY INTERTWINED WITH THE CHARGED CONDUCT IS ADMISSIBLE

**GOVERNMENT'S MOTION IN LIMINE No. 7 (ECF No. 150)**
**DEFENDANT BRIAN AHAKUELO'S OPPOSITION (ECF No. 170)**
**DEFENDANT JENNIFER ESTENCION'S OPPOSITION (ECF No. 192)**
**DEFENDANT BRIAN AHAKUELO'S MOTION IN LIMINE (ECF No. 141)**
**GOVERNMENT'S OPPOSITION TO BRIAN AHAKUELO'S MOTION IN LIMINE (ECF No. 183)**

The Indictment charges 70 counts: 1 count of Conspiracy to Commit Wire Fraud and Embezzlement, 42 counts of Wire Fraud, 20 counts of Money Laundering, and 7 counts of Embezzlement. (Indictment, ECF No. 1).

The Government seeks to introduce evidence to explain the overall scheme to defraud and the events surrounding the scheme. The Indictment alleges that the conspiracy began by at least June

2011 and continued through May 2016. (Indictment at p. 4, ECF No. 1).

The elements of wire fraud are:

(1) the existence of a scheme to defraud;

(2) the use of wire, radio, or television to further the scheme; and,

(3) a specific intent to defraud.

United States v. Jinian, 725 F.3d 954, 960 (9th Cir. 2013).

One of the required elements for the Government to demonstrate, beyond a reasonable doubt, is the existence of a scheme to defraud. The Ninth Circuit Court of Appeals explained in United States v. Loftis, 843 F.3d 1173, 1176-77 (9th Cir. 2016) that in a wire fraud prosecution the Government may introduce evidence of uncharged transactions in order to prove the existence of a scheme to defraud. The appellate court explained that the commission of wire fraud necessarily includes a fraudulent scheme as a whole, including executions of the scheme that were not specifically charged by the government. Id. at 1177 (citing United States v. Lo, 839 F.3d 777, 793 (9th Cir. 2016)); see also United States v. Harris, 842 Fed. Appx. 28, 30 (9th Cir. 2020).

The Ninth Circuit Court of Appeals explained that the uncharged transactions are part of the charged wire fraud offense itself and are not "other acts" evidence pursuant to Federal Rule of Evidence 404(b). Loftis, 843 F.3d at 1177-78.

In addition, the evidence of uncharged transactions and the events surrounding the scheme to defraud are admissible to the extent the evidence is inextricably intertwined with the charged wire fraud transactions. Id.

### A. Evidence Of Events Related To The Charged Conspiracy And Scheme To Defraud Events Is Admissible

The following events are relevant and admissible as they are offered as part of the scheme to defraud or are otherwise inextricably intertwined with the charged conduct:

(1) Defendants' roles in falsifying the January 2015 Unit 4 and Unit 9 membership vote results on Resolution No. 14-07 to increase Local 1260 membership dues;

(2) A trip to Japan and Guam paid with Local 1260 funds in November 2015;

(3) Trips to Las Vegas, D.C., NY, Macau, and Guam paid with Local 1260 funds in March 2016;

(4) Waiver of Dues Increases for Guam Members in Unit 9 Voting on January 2015.

These events, as set forth in the Government's Motion in Limine No. 7, are part of the transactions that serve as the basis for the criminal charges in this case. The evidence goes directly to the question of the Defendants' guilt and is admissible. Loftis, 843 F.3d at 1177-78; see Harris, 842 Fed. Appx. at 30; United States v. Fujinaga, 2022 WL 671018, *2 (9th Cir. 2022).

**B. Evidence Regarding The Sale Of IBEW's Office On Beretania Street And Lease Of Office In Topa Financial Center**

Evidence that Defendant Brian Ahakuelo sold the IBEW Local 1260's Office Space located on Beretania Street and subsequently leased space in Topa Financial Tower is probative of the Government's theory of the case. The Government claims that Brian Ahakuelo misrepresented the transactions to IBEW International and exceeded the scope of his authority. Making misrepresentations in getting an expenditure approved is probative of fraudulent intent in a case involving conspiracy to embezzle union funds. United States v. Butler, 954 F.2d 114, 119 (2d Cir. 1992).

The Government argues that the expensive lease at Topa Tower contributed to the Defendants' motivation to fabricate the dues increase vote. The Government asserts that the cost of the lease contributed to the Local 1260's poor financial condition. Such evidence is probative of the scheme to defraud and fraudulent intent. A union's dire financial condition is probative of fraudulent intent, "as one is more likely to know an expenditure is not in the best interest of the union where it is in a dire financial condition." United States v. Dressel, 625 Fed. Appx. 583, 588-89 (3d. Cir. 2015) (citing United States v. Welch, 728 F.2d 1113, 1119-20 (8th Cir. 1984)).

**C. Evidence As To The Trusteeship**

The Government seeks to introduce evidence that IBEW International took over the Local 1260 in May 2016, removed Brian Ahakuelo as Business Manager, and fired the Ahakuelo family members working at Local 1260. The evidence is directly related to the charges in the Indictment and is not unduly prejudicial.

Defendant Estencion raised an issue concerning the scope of the Government's evidence as to the trusteeship.

The Government explained that it will not introduce evidence as to the following with respect to the trusteeship:

(1) no evidence will be introduced regarding any findings by IBEW International;

(2) no evidence will be introduced regarding the fact that charges were filed against Local 1260 members by IBEW International, including Defendants;

(3) no evidence will be introduced that there was a hearing as to the charges;

(4) no evidence will be introduced as to any conclusions made by IBEW International based on the hearing.

The Government agrees such evidence that would be unduly prejudicial and usurp the role of the jury.

The Government is permitted to introduce evidence that a trusteeship was imposed and the fact that membership dues were reimbursed. No additional information regarding the trusteeship is necessary without a showing by the Government to demonstrate that it is more probative than prejudicial. The Parties shall

meet and confer regarding whether a limiting jury instruction on the evidence regarding the trusteeship is appropriate.

**D. Evidence As To Brandon Ahakuelo's Attorneys' Fees**

The Government seeks to introduce evidence that attorneys' fees were paid with Local 1260 funds for Defendant Brian Ahakuelo's son, Brandon Ahakuelo, in defending criminal charges he faced in March 2014.

The Government argues that the expenditure was not related to Brandon Ahakuelo's union activities. The Government asserts that although Brandon Ahakuelo was employed by the union, it claims that he assaulted an individual that was not related to his employment.

Defendants object on the basis that the evidence is unduly prejudicial.

The Government is permitted to introduce evidence that the union paid for attorneys' fees for Brandon Ahakuelo.

If Defendants concede that the fees were not related to Brandon Ahakuelo's work with the union, the Government is not permitted to introduce further evidence regarding the basis for the fees.

If Defendants do not concede and argue that the fees were related to Brandon Ahakuelo's work with the union, the Government is able to explore the issue further in order to prove its theory

that union money was improperly used to pay the fees and the basis for which the Government believes the payment was improper, including the fact that criminal charges were filed and the nature of the charges.

**E. Evidence That Brian Ahakuelo Hired His Family Members**

The Government is permitted to introduce evidence that Defendant Brian Ahakuelo hired his own family members. Defendants object on the basis that nepotism was not prohibited by the Local 1260 Union's bylaws.

The evidence that Defendant Brian Ahakuelo hired his own family members and placed them in positions of power within the Union is directly related to the Government's theory of the case regarding the conspiracy and misuse of Local 1260 Union funds.

A gross disconnect between services rendered and compensation is probative of fraudulent intent in cases involving the misuse and embezzlement of union funds. United States v. Andreen, 628 F.2d 1236, 1244 (9th Cir. 1980).

Courts have found that evidence of nepotism may be admissible and relevant in criminal trials alleging conspiracy to defraud and misuse of union funds where the hiring of family members to collect salaries for work they failed to perform is part of the conspiracy. In United States v. Dressel, 13 F.Supp.3d 433, 442 (D.N.J. 2014), the defendant was the Business

Manager of IBEW Local 164, charged with having embezzled funds from the union. The allegations were that the defendant hired his girlfriend without authorization and paid her a salary for work she failed to perform. Id. at 442-43. The Government argued at trial that "nepotism played a role" in the hiring of defendant's girlfriend, and that the "Government's evidence established that nepotism was commonplace in the union." Id. at 443.

On appeal, the Third Circuit Court of Appeals found that the evidence of nepotism was relevant and supported the conviction as it "provided grounds to rationally question the benefit Local 164 received in return for [the girlfriend's] salary," and "there was evidence that [the defendant] hired his live-in girlfriend without soliciting bids." United States v. Dressel, 625 Fed. Appx. 583, 587 (3d Cir. 2015). The appellate court found that there was "evidence that there was a gross disconnect between [the girlfriend's] salary and the services she provided Local 164" to support the conviction. Id. at 587-88.

The Indictment charges Defendant Brian Ahakuelo, his wife Marilyn Ahakuelo, and his sister-in-law Defendant Jennifer Estencion. Their familial relationship, along with their familial relationships with other Union members, is central to the case and is both relevant and admissible.

The Government's Motion in Limine #7 (ECF No. 150) To Admit

Evidence Relevant To The Charged Conspiracy And Scheme To Defraud is **GRANTED.**

Defendant Brian Ahakuelo's Motion in Limine (ECF No. 141) as to the issues numbered (3), (6), (9), and (11) raised in the Motion is **DENIED.**

**8. RELATIONSHIP BETWEEN DEFENDANT BRIAN AHAKUELO AND LEE ANN MIYAMURA**

**GOVERNMENT'S MOTION IN LIMINE No. 7 (ECF No. 150)**
**DEFENDANT BRIAN AHAKUELO'S OPPOSITION (ECF No. 170)**
**DEFENDANT BRIAN AHAKUELO'S MOTION IN LIMINE (ECF No. 141)**
**GOVERNMENT'S OPPOSITION TO BRIAN AHAKUELO'S MOTION IN LIMINE (ECF No. 183)**

The Government seeks to introduce evidence that Defendant Brian Ahakuelo and witness Lee Ann Miyamura were previously in a romantic relationship.

Proof of bias is almost always relevant because the jury, as the finder of fact and weigher of credibility, is entitled to assess all evidence which might bear on the accuracy and truth of a witness's testimony. United States v. Abel, 469 U.S. 45, 52 (1984). Evidence of a romantic relationship between Defendant Ahakuelo and Miyamura is relevant to bias and will allow the jury to properly assess credibility. See Olden v. Kentucky, 488 U.S. 227, 231 (1988) (reversing the lower court because exclusion of evidence that the victim and witness lived together and were in a romantic relationship was critical evidence to show the witness's potential bias).

The fact that the relationship occurred when Defendant Brian Ahakuelo was married does not render the evidence more prejudicial than probative. The jury needs to know about the relationship in order to assess the credibility of the witnesses and their possible bias.

The Government's Motion in Limine #7 (ECF No. 150) Seeking To Permit Evidence As To The Extramarital Relationship Between Lee Ann Miyamura and Defendant Brian Ahakuelo is **GRANTED.**

Defendant Brian Ahakuelo's Motion in Limine (ECF No. 141) as to the issue (4) raised in the Motion is **DENIED.**

**9. DEFENDANT BRIAN AHAKUELO'S 2017 BOOK "THE DEMISE OF LABOR: THE BRIAN AHAKUELO STORY" IS NOT ADMISSIBLE BUT LIMITED STATEMENTS IN THE BOOK MAY BE ADMISSIBLE FOR IMPEACHMENT PURPOSES ONLY**

Defendant Brian Ahakuelo seeks to admit a book written by himself entitled, "The Demise of Labor: The Brian Ahakuelo Story" that was published in 2017, following the events alleged in the Indictment.

Defendant Brian Ahakuelo seeks to have the entire book entered into evidence and requests that the jury read the whole book.

The Government seeks to introduce limited statements in the book for impeachment purposes if Defendant Brian Ahakuelo testifies.

Federal Rule of Evidence 403 authorizes a district court to

"exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court declines to admit the entire book pursuant to Fed. R. Evid. 403. Admitting the whole book would cause undue delay, waste time, and confuse the issues. Id. Many parts of the book are wholly irrelevant to the issues at trial. To the extent any portion is relevant, Defendant Brian Ahakuelo may testify and the book would merely constitute cumulative evidence. United States v. Schiff, 544 Fed. Appx. 729, 731 (9th Cir. 2013) (explaining that district court properly refused to admit a book written by the criminal defendant because he was able to testify about his beliefs, and the book would have wasted the jury's time and confused the issues).

The Court also declines to admit excerpts of the book as evidence in support of the Defendant's case. In Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1400 (9th Cir. 1996) the Ninth Circuit Court of Appeals found that the district court properly refused to admit into evidence excerpts of a book because the jury cannot be expected to read a whole book, and the excerpts would be time consuming, misleading, and confusing.

If Defendant Brian Ahakuelo testifies at trial, there may be

a basis for the Government to admit statements in the book for impeachment purposes. If the Government believes there are specific statements in the book that are relevant and admissible for impeachment purposes, it may seek to admit portions of the book pursuant to Fed. R. Evid. 801(d)(2) for impeachment purposes only. The Government must notify the Court before seeking to use any statement in the book for impeachment purposes.

## CONCLUSION

The Government's Motion in Limine #4 (ECF No. 147) to Admit Statement From Defendant's Withdrawn Pre-Trial Motion To Dismiss is **DENIED.**

The Government's Motion in Limine #5 (ECF No. 148) To Preclude Examination Or Testimony Based On Speculation is **GRANTED.**

The Government's Motion in Limine #6 (ECF No. 149) To Preclude Certain Evidence Relating To The Purported Drug And Alcohol Use of Witness #2 is **GRANTED.**

The Government's Motion in Limine #7 (ECF No. 150) To Admit Evidence Relevant To The Charged Conspiracy And Scheme To Defraud is **GRANTED.**

//

//

//

Defendant Brian Ahakuelo's Motion in Limine (ECF No. 141) as to the issues numbered (3), (4), (6), (9), and (11) raised in the Motion is **DENIED.**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 12, 2022.




Helen Gillmor
United States District Judge